OPINION OF THE COURT
John S. Lockman, J.
Motion by defendant for an order pursuant to CPLR 7503 (subd [a]) staying the instant action and compelling arbitration is denied.
Plaintiff’s complaint alleges four causes of action of which one is based upon alleged violations of the Commodities Exchange Act, as amended by the Commodities Futures Trading Commission Act of 1974 (US Code, tit 7, § 1 et seq.).
Plaintiff alleges that defendant, Sorty, while acting as an account executive of defendant, Merrill Lynch, traded in a manner not permitted by their agreement.
The account between the parties was opened in April of 1976, when plaintiff signed a standard form customer’s agreement that defendant, Merrill Lynch, required all of its customers to sign.
*974 This customer agreement contained a clause which provided that any controversy between the customer and the brokerage house be submitted to arbitration under the rules of the New York Stock Exchange. The pertinent section reads: “It is agreed that any controversy between us arising out of your business or this agreement, shall be submitted to arbitration conducted under the provisions of the Constitution and Rules of the Board of Governors of the New York Stock Exchange”.
Defendant argues that the agreement was properly executed and the claims herein should be submitted to arbitration.
The Commodities Futures Trading Act of 1974 contained a provision which required arbitration agreements to be voluntary (US Code, tit 7, § 7a, subd [11]). The Commodities Futures Trading Commission on November 29, 1976 adopted a rule which allowed arbitration agreements only when certain conditions are met. (17 CFR 180.3 [b].) These include: (1) that signing the agreement not be made a condition of access to the market; (2) that the customer sign separately the clause providing for arbitration, and (3) that there be a warning in boldface type that the customer is giving up certain rights to assert his claim in court.
It is clear from an examination of the agreement between the parties that the arbitration clause does not conform to 17 CFR 180.3.
All arbitration agreements which do not conform to 17 CFR 180.3, whether they were entered into prior to or after its effective date, are a nullity. (Ames v Merrill Lynch, Pierce, Fenner & Smith, 567 F2d 1174.)
Accordingly, defendant’s motion for a stay is denied.